## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.  15-60107-CIV-BLOOM/VALLE

**KENNETH E. LIBRIZZI**,

      Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC**,
**ARGENT MORTGAGE COMPANY, LLC**,
**HOMEWARD RESIDENTIAL, INC.**,
**TRANSUNION LLC**, **EQUIFAX**
**INFORMATION SERVICES, LLC**,
**EXPERIEAN INFORMATION**
**SOLUTIONS, LLC** and **DEUTSCHE**
**BANK NATIONAL TRUST COMPANY**,
*as Trustee for Argent Securities,*
*Inc. Asset-Backed Pass-Through Certificates,*
*Series 2003-W9*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon: Defendant Experian and Defendant Trans Union LLC's Motions to Dismiss, ECF Nos. [68], [69], filed under Fed. R. Civ. P. 12(b)(6) on May 26, 2015; Defendant Equifax's Motion for Judgment on the Pleadings, ECF No. [78], filed under Fed. R. Civ. P. 12(c) on May 29, 2015; Defendant Argent Mortgage Company, LLC's Motion to Dismiss, ECF No. [72], filed under Fed. R. Civ. P. 12(b)(6) on May 27, 2015; and Defendants Ocwen Loan Servicing, Homeward Residential, Inc., & Deutsche Bank's Motion to Dismiss, ECF No. [82], filed under Fed. R. Civ. P. 12(b)(6) on June 6, 2015.  The Court is fully advised after careful review of the Motions, the parties' briefs, the record, and the applicable law.

## I.        Background

Plaintiff, proceeding *pro se*, filed an Amended Complaint, ECF No. [66], on May 12, 2015, seeking legal and equitable relief under: a claim of breach of good faith and fair dealing under Florida law; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§ 1961, *et seq.*

According to the Amended Complaint, "Plaintiff signed a fully non-escrowed non Fannie Mae and non Freddie Mac related primary residence mortgage loan for approx. $225,000 on October[] 2003 with Defendant [] Argent Mortgage." ECF No. [66] at 4.  Plaintiff explains "after which time various loan servicing companies began servicing the loan for approximately ten years until, finally, on March 11, 2013 Defendant [] Ocwen Financial Services LLC, after an apparent take-over of then loan servicer Defendant [] Homeward Residential, also began assuming servicing rights to Plaintiff's subject loan." *Id.*    Plaintiff alleges that "[p]rior to Defendant [] Ocwen servicing the loan, Defendant [Homeward Residential] sent Plaintiff a letter indicating the original terms of the loan (monthly payment amount, non-escrow status, non-default, no later charges, 'current' status) were still standing." *Id.*

Plaintiff alleges that "since March 11, 2013[,] the normal monthly payment of $1350 has always been sent on-time before any late fee deadlines and well before 30 days late." *Id.* Plaintiff alleges that "Defendant [] Ocwen pretty much immediately began to charge Plaintiff for escrow (taxes only) on subject mortgage but Plaintiff never acknowledged the validity of such escrow.  Instead Plaintiff tirelessly made efforts to communicate escrow was not valid." *Id.* at 5.

Plaintiff alleges that "Defendant [] Ocwen began to service[] Plaintiff's loan as if it were an escrowed account applying Plaintiff's normal $1350 payments in such a way as to require setting up a suspense account and considering the loan in default," and "[o]nce Ocwen considered the loan in default, Ocwen began adding a lost list of other fees Plaintiff continuously complained were also invalid." *Id.*

Plaintiff alleges that "during the approx. two years of Plaintiff arguing his case with Defendant Ocwen, the communications increased to the point of becoming bizarre." *Id.*  Plaintiff alleges that he never received mail from Defendant Ocwen because the mail was sent to the wrong address.  *See id.*  Plaintiff also alleges that "Ocwen has returned Plaintiff's last two $1350 payments completely," because based on a phone call with one of Defendant Ocwen's representatives, "payments were being returned because the amount sent does not include insurance escrow which was added to the account in April, 2014."  *Id.* at 6.  Plaintiff alleges that "[u]ntil this call Plaintiff has never received any information that insurance issues were a problem (all former escrow issues above were only related to property taxes)." *Id.*

Plaintiff alleges that he "learned by an email from Ocwen on 1-16-15 that a notice was sent, not to Plaintiff's actual address where aforementioned default and foreclosure notices are being sent, but to a different address than one Plaintiff resides at." *Id.*  Plaintiff alleges that "Ocwen send[s] two sets of mail out, one indicating what Plaintiff needs to know about changes being made to mortgage terms, to the wrong address so that Plaintiff never gets that mail, and other mail notifying Plaintiff he is in default with amounts due that do not make sense to Plaintiff saying Plaintiff is in default and threatens foreclosure." *Id.*  Plaintiff alleges "he was always paid undisputedly adequate property insurance without delay."  *Id.*

Plaintiff also alleges that he started a risk management company on September 2009, "about 3 years prior to Ocwen's beginning to service Plaintiff's loan," and that "his credit was considered 'excellent' (750-800) at this time and was approved for many lines of credit and increased credit for the first three (3) years of this endeavor." *Id.* at 5.  Plaintiff alleges that "Ocwen failed to credit Plaintiff's payment to subject loan as of the date of the receipt for almost two years despite receiving continuous complaints from Plaintiff providing proof of error and this same delay by Ocwen resulted in negative information about Plaintiff being reported to at least three different consumer reporting agencies for going on two years." *Id.* at 7.

Plaintiff has previously filed three lawsuits in state court.  The first case (No. CONO13013319) was filed against Ocwen Financial Corporation on November 19, 2013, and an order of dismissal without prejudice was entered on September 5, 2014.[1]  The second (No. CONO14004666) and third (No. CONO14004667) were also filed against Defendant Ocwen Financial Corporation on April 28, 2014, and both were dismissed pursuant to Plaintiff's voluntary dismissal on September 22, 2014.

## II.    Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining

---

[1]  The online docket for the Seventeenth Judicial Circuit Court in and for Broward County, Florida reflects the filings in these proceedings, and is publicly available at http://www.clerk-17th-flcourts.org. The Court takes judicial notice of the events that took place in these proceedings. *See Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013).  *See also* Fed. R. Evid. 201(e) ("On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.").

that the Rule 8(a)(2)'s pleading standards "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiffs' allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiffs.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).  While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss…the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).  *Pro se* litigants are afforded a relaxed pleading standard.  *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

### III.    Discussion

#### a.    Motions to Dismiss by Defendants Trans Union and Experian and Motion for Judgment on the Pleadings by Defendant Equifax

The Motions to Dismiss filed by Defendants Trans Union, Equifax, and Motion for Judgment on the Pleadings by Defendant Experian, each state the same grounds for dismissal of Plaintiff's Amended Complaint—first, that Plaintiff's FCRA claims fails because these

Defendants are not "furnishers of information," and second, that Plaintiff cannot seek injunctive relief under FCRA.  *See* ECF Nos. [68], [69], and [78].

Defendants argue that dismissal is merited because Plaintiff's FCRA claim relies on 15 U.S.C. § 1681s-2, which applies "only to 'furnishers of information to consumer reporting agencies' and not to the actual credit reporting agency."  ECF No. [68] at 3.  *See also* ECF No. [69] at 4; ECF No. [78] at 3; ECF No. [66] at 8 (citing 15 U.S.C. § 1681s-2).  While Defendants' recitation of the law is correct, dismissal of Plaintiff's Amended Complaint solely on the basis that he, a *pro se* litigant, cited the wrong provision of a statute is not proper—where other provisions of the same statute do apply to Defendants as consumer reporting agencies.  *See, e.g.*, *Crabill v. Trans Union L.L.C.*, 92 F. Supp. 2d 796, 798 (C.D. Ill. 2000) ("After looking beyond the label attached to the claim asserted in the First Amended Complaint, the Court concludes that what [Plaintiff] has actually alleged is a violation of 15 U.S.C. § 1681e(b).").  "The FCRA creates a private right of action against consumer reporting agencies for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see* 15 U.S.C. § 1681n, violation of any duty imposed under the statute."  *Collins v. Experian Info. Solutions, Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007)).

FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim for a violation of § 1681e(b), a plaintiff must plausibly allege that "(1) a credit reporting agency's report was inaccurate; and (2) that the inaccurate report was a causal factor in the denial of his credit application."  *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 827

(11th Cir. 2009) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1161

(11th Cir. 1991)).  FCRA also provides that:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or the reseller.

15 U.S.C. § 1681i(a)(1)(A).

Plaintiff's Amended Complaint, however, does not contain sufficient factual allegations

to state a claim under these provisions of FCRA against Defendants Trans Union, Equifax, and

Experian.  The only allegations contained in the Amended Complaint with respect to these

Defendants are as follows:

> Defendant Ocwen reported information about Plaintiff that was false and admitted as much saying they would suppress the information.  Moreover, separate from this Ocwen stated that they had in at least two separate occasions suppressed negative information and indicating they would do it again after Pla[]intiff showed evidence (actual credit reports), that negative information was still not in fact suppressed.  So either Ocwen did not in fact suppress it, and/or each listed Defendant credit bureau knowingly published the negative information anyway, or both, as [d]iscovery will show.  Therefore, each Defendant: Ocwen and each listed credit bureau violated said FCRA law.  As a proximate cause of this Ocwen action Plaintiff has been damaged through steep drops in credit scores, reduced credit and inability to obtain credit for both personal and business purposes.

ECF No. [66] at 9.  Plaintiff's Amended Complaint seeks "preliminary injunctive relief" for

these Defendants, "each to permanently cease to report to anyone Plaintiff is or has been 30 days

late on his mortgage because Plaintiff has not been 30 days late as stated herein, and because

reporting otherwise is damaging Plaintiff as stated herein."  *Id.* at 11.  Plaintiff also seeks the

Court to demand that Defendants "send a notice of correction to each entity whom each bureau has reported to Plaintiff has been 30-day[s] late on his mortgage." *Id.*

Plaintiff has not alleged that he was denied credit because of inaccuracies in his credit report produced by these Defendants.  Though he does allege that "Suntrust Mortgage sent Plaintiff a letter of credit denial based on negative credit information during the same period of time which could only have been provided by Ocwen," *id.* at 7-8, he does not indicate which of these Defendants reported the negative credit information.  As such, he fails to state a claim under 15 U.S.C. § 1681e(b).  *See, e.g.*, *Ray*, 327 F. App'x at 826.  Further, Plaintiff has not alleged that he notified these Defendants directly,  nor has Plaintiff alleged that these Defendants failed to conduct a reasonable investigation. Thus, he fails to state a claim under 15 U.S.C. § 1681i(a)(1)(A) as well. The Court, accordingly, dismisses these claims without prejudice.

Furthermore, as "[d]istrict courts in the Eleventh Circuit have consistently held that equitable relief is not available to private citizens under the FCRA," *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1305 (N.D. Ala. 2009), the portions of Plaintiff's Amended Complaint which seek such relief are dismissed with prejudice.  *See also Palacia v. Citimortgage, Inc.*, No. 12-81058-CIV, 2013 WL 2182012, at *4 (S.D. Fla. May 20, 2013) ("The Eleventh Circuit has not ruled on this specific issue as it pertains to FCRA, however the Fair Debt Collection Practices Act has similar remedy provisions, and the Eleventh Circuit has stated in dictum that equitable relief is not available in a private plaintiff action where such a remedy has been specifically placed in the hands of the agency responsible for oversight of the act.")

Finally, because the Court finds that dismissal of the counts against Defendant Equifax is without prejudice, the Court denies Defendant Equifax's Motion for Judgment on the Pleadings. *See Palmer &  Cay, Inc. v. Marshal & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir.

2005) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to *judgment* as a matter of law.") (emphasis added).

### b. Motion to Dismiss by Defendants Ocwen Loan Servicing, Homeward Residential, Inc., & Deutsche Bank

The Motion to Dismiss filed by Defendants Ocwen Loan Servicing, Homeward Residential, Inc., & Deutsche Bank, ECF No. [82], advances three grounds for dismissal: (1) Plaintiff's Amended Complaint does not assert any causes of action against Defendants Homeward Residential, Inc. and Deutsche Bank; (2) Plaintiff's claims against Defendant Ocwen are barred by the "two dismissal" rule and *res judicata*; and (3) all of the claims in Plaintiff's Amended Complaint fail to state a claim.

### i. Whether Plaintiff's Amended Complaint states a claim against Defendants Homeward Residential, Inc. & Deutsche Bank

Defendants argue that dismissal of the counts in Plaintiff's Amended Complaint against Defendants Homeward Residential, Inc. and Deutsche Bank is merited because "Plaintiff makes no substantive allegations of wrongdoing against Homeward or Deutsche Bank."  ECF No. [82] at 10.  Defendants explain that the Amended Complaint:

> mentions Homeward only four times: once when stating that Homeward is a foreign corporation and listing its address; once when stating that Ocwen took over servicing rights from Homeward; once in the RICO count when stating that Ocwen has benefited from others action such as Homeward; and once in the request for relief.  Furthermore, the Amended Complaint only mentions Deutsche Bank once, in the parties section, stating that [it] is not registered to do business in Florida.  Plaintiff alleges that the loan was current throughout the time Homeward was the servicer and does not allege any issues arose until after Ocwen took over servicing of his loan.

*Id.*  Plaintiff responds that a "main point of this opposition is that Ocwen and Homeward are considered as one entity for all practical litigation purposes at this time."  ECF No. [93] at 17.

The Court finds that the allegations contained in Plaintiff's Amended Complaint against

CASE NO.  15-60107-CIV-BLOOM/VALLE

Defendants Homeward Residential, Inc. and Deutsche Bank do not "contain sufficient factual matters, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Accordingly, Plaintiff's Amended Complaint is dismissed with respect to Defendants Homeward Residential, Inc. and Deutsche Bank.

ii.   Whether Plaintiff's claims against Defendant Ocwen are barred by the two dismissal rule and res judicata

"[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A).  "Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).  This is known as the "two dismissal rule," the primary purpose of which "is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading."  *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) (internal quotations and citations omitted).

Here, in the first case, Plaintiff filed a notice of voluntary dismissal, and the state court subsequently entered an order of dismissal without prejudice on September 4, 2014.  *See* ECF No. [82-4] at 2.  In the order, the state court noted that "this matter is dismissed without prejudice upon Plaintiff's notice and motion."  *Id.*  The Eleventh Circuit has explained that "we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court."  *ASX Inv. Corp.*, 183 F.3d at 1268.  Because the state court indicated that its dismissal was upon "Plaintiff's notice and motion," the Court finds that this dismissal did not operate as a first dismissal for purposes of the two dismissal rule.  Defendants urge the Court to follow Florida law interpreting Fla. R. Civ. P. 1.420, which would require an

10

opposite result.  The Court, however, declines to do so because interpretation of Fed. R. Civ. P. 41 is an issue of federal law, and the Court must follow the Eleventh Circuit's holding in *ASX Inv. Corp*.  As such, the Court turns to the remaining dismissals.

In the second case, Plaintiff filed a voluntary dismissal on September 22, 2014.  *See* ECF No. [82-6] at 2.  On May 11, 2015 (after filing the instant case), Plaintiff filed an emergency motion for relief from order of voluntary dismissal—though the state court entered no order— which the state court denied on June 5, 2015.  In the third case, Plaintiff filed a voluntary dismissal on the same date as the second case—September 22, 2014.  *See* ECF No. [82-8] at 2. As in the second case, on May 11, 2015 (after filing the instant case), Plaintiff filed an emergency motion for relief from order of voluntary dismissal—though the state court entered no order—which the state court denied on June 5, 2015.

Though  Fed. R. Civ. P. 41(a)(1)(B) "does not give a dismissal preclusive effect when the second action was filed in state court," *Demsey v. Demsey*, 488 F. App'x 1, 4 (6th Cir. 2012) (citations omitted), "there is an exception, however, when a state has a rule similar to Federal Rule 41(a)(1)(B), because federal courts must give prior state court judgments preclusive effect." *Id.* (citing *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); 28 U.S.C. § 1738).  Here, Florida law has such a rule, which provides that "a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has dismissed in any court an action based on or including the same claim." Fla. R. Civ. P. 1.420(a)(1).

The fact that the second and third case were each filed and dismissed on the same day brings the Court to determine whether, at the time each was dismissed, Plaintiff had "previously dismissed any federal-or state-court action based on or including the same claim." Fed. R. Civ. P. 41(a)(1)(B).  The Court finds that at the time Plaintiff voluntarily dismissed the second and third

cases on the same day, he had not.  The state court record reveals that the voluntary dismissals of

both cases were filed with the state court simultaneously at 11:45:36 a.m. on September 22,

2014. Because Plaintiff's claims are not barred, the Court now turns to the question of whether

Plaintiff's Amended Complaint states a claim against Defendant Ocwen.

        iii.   <u>Whether Plaintiff's Amended Complaint states a claim of a breach of good faith and fair dealing, as well as under RESPA, FCRA, FDCPA, FDUTPA, and RICO</u>

*1.  Breach of good faith and fair dealing*

Under Florida law, every contract contains an implied covenant of good faith and fair

dealing which protects "the reasonable expectations of the contracting parties in light of their

express agreement."  *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541,

548 (Fla. 2012) (quoting *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla.

1996)); *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir.

2005). The covenant is implied as a gap-filling default rule where the terms of the contract vest a

party with substantial discretion, requiring that party to act in a commercially reasonable manner

and limiting its ability to act capriciously to contravene the reasonable expectations of the

contract counterparty.  *See Karp v. Bank of Am., N.A.*, 2013 WL 1121256, at \*3 (M.D. Fla. Mar.

18, 2013); *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1225 (S.D. Fla.

2013). "A breach of the implied covenant of good faith and fair dealing is not an independent

cause of action, but attaches to the performance of a specific contractual obligation."  *Centurion*,

420 F.3d at 1151.  The implied duty of good faith must, therefore, "relate to the performance of

an express term of the contract . . . [and] cannot be used to vary the terms of an express

contract."  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1316 (11th Cir. 1999) (quoting

*Hospital Corp. of America v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998)

and *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997)).  Further, the covenant cannot "add an obligation to the contract which was not negotiated by the parties and not in the contract."  *Hosp. Corp. of Am. v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998).  As such, "there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement."  *QBE*, 94 So. 3d at 548 (citing *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So.2d 1232, 1234 (Fla. 4th DCA 2001)).  Here, Plaintiff's Amended Complaint has not brought any action for breach of an express term of an agreement.  Accordingly, this count of Plaintiff's Amended Complaint is dismissed.

### 2.  RESPA

"RESPA is a consumer protection statute that regulates the real estate settlement process and prescribes certain actions to be followed by entities or persons responsible for servicing financially related mortgage loans, including how to respond to borrower inquiries." *Thomason v. OneWest Bank, FSB*, 596 F. App'x 736, 739 (11th Cir. 2014) (citing *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006); 12 U.S.C. § 2605).

> RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a QWR for information about a loan, 12 U.S.C. § 2605(f).

*Dynott v. Nationstar Mortg., LLC*, No. 1:13-cv-1474-WSD, 2014 WL 1028886, at *15 (N.D. Ga. Mar. 17, 2014).

Plaintiff's Amended Complaint alleges that "Plaintiff brought a list of accounting errors to Ocwen's attention including the aforementioned for nearly two years but Ocwen did not

correct those errors.  Therefore, Ocwen violated said law." ECF No. [66] at 20 (citing 12 C.F.R.

§ 1026.36).[2]  Plaintiff's Amended Complaint does not allege any facts relating to the three types

of wrongful acts related to a private right of action under RESPA, such as the submissions of

Qualified Written Requests and Defendant Ocwen's failure to respond. *See, e.g.*, 12 U.S.C. §

2605(e)(1)(B); *Echeverria v. BAC Home Loans Servicing, LP*, 900 F. Supp. 2d 1299, 1306 (M.D.

Fla. 2012) ("Under subsection (ii), a QWR must (1) give a statement for the reasons that the

account is in error or (2) seek other information regarding the servicing of the loan.").

Accordingly, this Count is dismissed.

### 3.  FCRA

"[T]he FCRA prohibits furnishers of credit information from providing false

information." *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (citing 15 U.S.C. §

1681s-2(a)). "However, the statute explicitly bars private suits for violations of this provision."

*Id.* (citing 15 U.S.C. § 1681s-2(c); 15 U.S.C. § 1681s(c)(1)(B) (allowing states to bring an action

for violations)).   "The FCRA also requires furnishers of information to investigate the accuracy

of said information upon receiving notice of a dispute." *Id.* (citing 15 U.S.C. § 1681s-2(b)).

"This provision of the FCRA can be enforced through a private right of action, but only if the

furnisher received notice of the consumer's dispute from a consumer reporting agency." *Id.*

(citing 15 U.S.C. § 1681s-2(b)(1)).

Defendants argue that Plaintiff's FCRA claim focuses on the allegation that Ocwen

furnished 'negative and derogatory information about Plaintiff's payment history to [credit

reporting agencies],' an allegation which it argues "falls squarely within the purview of 15

U.S.C. § 1681s-2(a) which does not create a private right of action." ECF No. [82] at 15 (citing

---

[2]  Plaintiff refers to this cite as "12 C.F.R. § 1206" and "Regulation Z."  The Court  reads Plaintiff's
Amended Complaint to address 12 C.F.R. § 1026.36, rather than 12 C.F.R. § 1206.

CASE NO.  15-60107-CIV-BLOOM/VALLE

*Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008)).  Defendants maintain that if the Court construes Plaintiff's FCRA claim under 15 U.S.C. § 1681s-2(b), the claim still fails because "Plaintiff does not allege that he notified a consumer reporting agency about the disputed credit reporting by Ocwen," and "there is no allegation that Ocwen received notice of a dispute from a consumer reporting agency." ECF No. [82] at 16.  Plaintiff responds by asserting that he has "furnished the central history of this case to each . . . defendant at least once so that a reasonable investigation must consider such history and such forwarding to the furnisher must logically follow." ECF No. [93] at 30.

Plaintiff's Amended Complaint alleges that "Ocwen has and is furnishing negative and derogatory information about Plaintiff's payment history to each listed credit bureau Defendant despite Plaintiff's approx. two years of disputing same having brought proof of errors to Ocwen's attention." ECF No. [66] at 8.  Plaintiff further alleges that "Defendant Ocwen has not provided notice of this disputed matter to the credit listed Defendant credit bureaus in violation of said law," "Defendant Ocwen has failed to comply with said law by not within 5 days of Plaintiff's initial communication (nor any other time), sent Plaintiff written documentation of the amount of the debt, the name of the original creditor or other information required by the FCRA," "Defendant Ocwen has not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by said law." *Id*.  Plaintiff also alleges that:

> Defendant Ocwen reported information about Plaintiff that was false and admitted
> as much saying they would suppress the information.  Moreover, separate from
> this Ocwen stated that they had in at least two separate occasions suppressed
> negative information and indicating they would do it again after Pla[]intiff
> showed evidence (actual credit reports), that negative information was still not in
> fact suppressed.  So either Ocwen did not in fact suppress it, and/or each listed
> Defendant credit bureau knowingly published the negative information anyway,
> or both, as [d]iscovery will show.  Therefore, each Defendant: Ocwen and each
> listed credit bureau violated said FCRA law.  As a proximate result of this Ocwen

CASE NO.  15-60107-CIV-BLOOM/VALLE

action Plaintiff has been damaged through steep drops in credit scores, reduced credit and inability to obtain credit for both personal and business purposes.

*Id.* at 9.  These allegations are insufficient to state a claim under FCRA as to Defendant Ocwen because "it does not allege . . . that [Defendant Ocwen] failed to conduct an investigation into [Plaintiff]'s credit history after being notified of a dispute by a credit reporting agency." *Peart*, 345 F. App'x at 386.  This claim is, therefore, dismissed.

### 4.  FDCPA

The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Prohibited acts include "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  15 U.S.C. § 1692e(2).  "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Defendants argue that "Plaintiff readily admits that Ocwen is a loan servicer for the Subject Loan," and "pleads that the Subject Loan was not in default at the time it was assigned," and "[t]herefore, Ocwen falls outside the boundaries of "debt collector." ECF No. [82] at 17-18 (citing *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011)).  Defendants argue that even if Ocwen were a "debt collector," "the Amended Complaint fails to specify the contents of any correspondences sent to Plaintiff," and Plaintiff's conclusory allegation of deceptive and misleading practices "is insufficient to show an attempt to collect a debt." *Id.* at 18.

Plaintiff responds by arguing that "[a] person collecting or attempting to collect a debt which was not in default at the time it was obtained by that person, but which that person

*believed* was in default at that time, can also be a 'debt collector' under the FDCPA." ECF No. [93] at 31 (quoting *Cyphers v. Litton Loan Servicing, LLP*, 503 F. Supp. 2d 547, 551 (N.D.N.Y. 2007) (emphasis in original)).

Plaintiff's Amended Complaint alleges that "Ocwen, who is a debt collector, has attempted to collect Plaintiff's real and alleged but false debt as described herein and by sending certified mail almost monthly indicating mortgage is in default and threatening to foreclose on property for nearly two years." ECF No. [66] at 9.  Plaintiff alleges that "Ocwen falsely accused, deceived and mislead Plaintiff in instance after instance by creating a moving mortgage payment target impossible for Plaintiff to ever hit and utilized false addresses and made false claims about a list of items mentioned." *Id.* at 10.

Even assuming *arguendo* Defendant Ocwen was a "debt collector" due to its belief that Plaintiff was in default, Plaintiff's Amended Complaint does not allege the contents of the communications which plausibly indicate that an attempt to collect the debt was "false, deceptive, or misleading," 15 U.S.C. § 1692e, or "unfair or unconscionable." 15 U.S.C. § 1692f. *See, e.g.*, *Randerson v. Taylor Hayden, PLLC*, No. 8:15-cv-615-T-30TBM, 2015 WL 4429354, at *4 (M.D. Fla. July 20, 2015) ("The Court concludes that the presuit letter plausibly constitutes debt collection activity. The presuit letter: (1) informs Plaintiff that the mortgage was in default, (2) itemizes the mortgage debt, (3) warns that the total amount may increase due to additional interest, late charges, costs and attorneys' fees, and (4) offers a way to get updated figures 'if [there is a] desire to pay off the loan.") (alterations in original). Accordingly, this claim is dismissed.

CASE NO.  15-60107-CIV-BLOOM/VALLE

*5.  FDUTPA*

FDUTPA provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1).  "What one must allege to state a claim under the FDUTPA is (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1057 (S.D. Fla. 2009) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)).

Defendant argues that Plaintiff's FDUTPA claim is subject to Rule 9(b), as "courts within this district have held that FDUTPA claims are subject to Rule 9(b) and must be pled with particularity."  ECF No. [82] at 19 (citing *Koch v. Royal Wine Merchants, Ltd.*, 847 F. Supp. 2d 1370, 1381 (S.D. Fla. 2012); *Blair v. Wachovia Mortg. Corp.*, No. 5:11-cv-566-Oc-37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2011)).  Though the Court acknowledges that "FDUTPA claims can be based on deceptive or unfair practices that do not involve fraud . . . and need not be pled with particularity,"  *see, e.g.*, *SIG, Inc. v. AT&T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013), the Court finds that based on the allegations of Plaintiff's Amended Complaint, Rule 9(b) does apply to Plaintiff's FDUTPA claim. *See* ECF No. [66] at 10 ("Ocwen violated FDUT[P]A and caused damages *through deception*") (emphasis added).

Plaintiff's Amended Complaint does not contain sufficient allegations to state a FDUTPA claim under Rule 9(b) because it does not "set[] forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what defendants obtained as a consequence of the fraud."  *U.S. ex rel. Clausen*

18

*v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir 2002).  Accordingly, this claim is dismissed.

### 6.  RICO

"[I]n order to establish a federal civil RICO violation under [18 U.S.C.] § 1962(c), [a] plaintiff[] 'must satisfy four elements of proof: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (quoting *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994)).  "[C]ivil RICO claimants . . . must show (1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Id.* (quoting 18 U.S.C. § 1964(c)).  "A RICO conspiracy requires proof of an agreement to violate a substantive RICO provision." *United States v. Gonzalez*, 921 F.2d 1530, 1539 (11th Cir. 1991).

Defendants argue that the Amended Complaint "is devoid of any factual allegations as to when any agreement took place, which persons were involved in said agreement, and the substance of the agreement.  Furthermore, Plaintiff fails to specify which predicate acts Ocwen allegedly violated." ECF No. [82] at 20.  Plaintiff responds that "[t]he apparent mysteriously vague overlapping timing of events surrounding the overlap between Homeward Residential and Ocwen in taking over the subject loan, and between the credit bureaus and the strange third party (i.e., Chase Bank) . . . and possibly other information as Discovery may show that parties acted in concert with one another." ECF No. [93] at 33.

The Court finds that the allegations contained in the Amended Complaint are insufficient to plausibly state a RICO claim.  The conjecture contained therein is supported by Plaintiff's assertion that such an agreement may be shown in discovery.  Thus, the Court finds that dismissal of this claim is also merited.

### c.  Motion to Dismiss by Defendant Argent Mortgage Company, LLC

As with Defendants Homeward Residential, Inc. and Deutsche Bank, the allegations contained in Plaintiff's Amended Complaint against Defendant Argent Mortgage Company, LLC do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Even if the Court were to find that Plaintiff's Amended Complaint adequately pled an agency relationship between Defendant Argent Mortgage Company, LLC and Defendant Ocwen, for the reasons stated above, Plaintiff's Amended Complaint does not plausibly state a claim.  Accordingly, Plaintiff's Amended Complaint is dismissed with respect to Defendant Argent Mortgage Company, LLC as well.

### IV.    Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant Experian and Defendant Trans Union LLC's Motions to Dismiss, **ECF Nos. [68], [69]**, are **GRANTED IN PART**.  The portions of Plaintiff's Amended Complaint seeking equitable relief against Defendants Experian, Trans Union LLC, and Equifax are **DISMISSED WITH PREJUDICE**.   The remaining portions of Plaintiff's Amended Complaint against Defendants Experian, Trans Union LLC, and Equifax are **DISMISSED WITHOUT PREJUDICE**.

2.    Defendant Argent Mortgage Company, LLC's Motion to Dismiss, **ECF No. [72]**, is **GRANTED**.  The claims in Plaintiff's Amended Complaint, ECF No. [66], against Defendant Argent Mortgage Company, LLC are **DISMISSED WITHOUT PREJUDICE**.

CASE NO.  15-60107-CIV-BLOOM/VALLE

3.      Defendant Equifax's Motion for Judgment on the Pleadings, **ECF No. [78]**, is **DENIED**.

4.      Defendants Ocwen Loan Servicing, Homeward Residential, Inc., & Deutsche Bank's Motion to Dismiss, **ECF No. [82]**, is **GRANTED IN PART**.  The claims in Plaintiff's Amended Complaint, ECF No. [66], against Defendants Ocwen Loan Servicing, Homeward Residential, Inc., & Deutsche Bank are **DISMISSED WITHOUT PREJUDICE**.

5.      Plaintiff may file an amended complaint **on or before August 24, 2015**.  The failure to file an amended complaint or show cause by August 24th will result in dismissal of this case without prejudice and without further notice.

6.      Should Plaintiff file an amended complaint by August 24th, any motions to dismiss or motions for summary judgment **shall be jointly filed** by Defendants in **one motion**, in the interest of judicial efficiency.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 12th day of August, 2015.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record